FILED
United States Court of Appeals
Tenth Circuit

March 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JEFFREY SCOTT TAYLOR,

     Defendant - Appellant.

No. 16-1350
(D.C. Nos. 1:16-CV-01210-JLK and
1:13-CR-00400-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Jeffrey Taylor filed a motion under 28 U.S.C. § 2255 collaterally

attacking his sentence. He argued that the calculation of his sentencing guideline range

had relied on the residual clause of USSG § 4B1.2(a)(2) and that the residual clause is

unconstitutionally vague because it uses essentially the same language as the language in

the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), which was held to be

unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The district

court denied the motion but granted a certificate of appealability. We **AFFIRM** the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decision below.  In *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (S.Ct. Mar. 6, 2017), the Supreme Court held that the unconstitutional-vagueness holding in *Johnson* does not apply to the residual clause in the sentencing guidelines.  The other issues raised by the parties are moot.

Entered for the Court

Harris L Hartz
Circuit Judge