**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 16, 2017
Decided March 21, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1636

| | |
|---|---|
| CHRISTOPHER R. CUMMINGS,<br>　*Petitioner-Appellant,*<br><br>　*v.*<br><br>UNITED STATES OF AMERICA,<br>　*Respondent-Appellee.* | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin.<br><br>No. 15-CV-1219-JPS<br><br>J.P. Stadtmueller,<br>*Judge.* |

**O R D E R**

In 2006, Cummings pled guilty to distributing cocaine. The district court sentenced him as a career offender under U.S.S.G. § 4B1.1. To be sentenced as a career offender, § 4B1.1(a) requires the defendant to have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Cummings previously had been convicted in Wisconsin for possessing cocaine with intent to distribute and for discharging a firearm from a vehicle. He argued that discharging a firearm from a vehicle was not a crime of violence and thus he could not be sentenced as a career offender. The district court held, however, that discharging a firearm was a crime of violence under the sentencing guideline's residual clause.

In 2015, the Supreme Court held that the residual clause in the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). After *Johnson*, Cummings filed a petition for relief under 28 U.S.C. § 2255. He argues that because the language in the sentencing guideline's residual clause is identical to the language in the ACCA's residual clause, the sentencing guideline's residual clause is also unconstitutionally vague.

We had held that the sentencing guideline's residual clause was unconstitutionally vague after *Johnson* in *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016). But this week, the Supreme Court held that the sentencing guidelines are not subject to due-process vagueness challenges. *Beckles v. United States*, 580 U.S. ___, No. 15-8544, slip op. at 5 (Mar. 6, 2017). Cummings's argument is thus without merit.

AFFIRMED.