CLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1293

_____

IN RE:  ERNEST DAVID KEYS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-05-cr-00617)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2017
Before:  SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed:  May 31, 2017)

_____

OPINION*

_____

PER CURIAM

Pro se petitioner Ernest David Keys seeks a writ of mandamus to compel the

United States District Court for the Eastern District of Pennsylvania to grant him

sentencing relief regarding his criminal conviction.  Keys also has filed a motion for an

emergency hearing relating to his claims for sentencing relief.  For the reasons that

follow, we will deny the mandamus petition and related motion.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keys's conviction resulted from his 2007 guilty plea to conspiracy to interfere with interstate commerce by robbery and to interference with interstate commerce by robbery. The District Court imposed a 151-month term of imprisonment, sentencing Keys as a career offender—i.e., as having been convicted of one or more "crimes of violence" as defined in the "residual clause" of U.S.S.G. § 4B1.2(a)(2). Keys waived his rights to appellate and collateral review; on direct appeal, we granted the Government's motion to enforce the appellate waiver.

In 2013, Keys filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion in May 2015. In July 2015, Keys filed a motion to amend or supplement his prior § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), is void for vagueness as a matter of due process. The District Court denied the motion on the merits. Keys filed a pro se appeal, docketed at C.A. No. 15-3588. We retained jurisdiction, stayed the appeal, and remanded the matter for the District Court to consider Keys's correspondence as a motion to extend and reopen the time to appeal under the Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6). The District Court granted the motion under Rule 4(a)(6) and later appointed the Federal Community Defender's Office to litigate Keys's Johnson claim.

In April 2016, appointed counsel filed an application for this Court's authorization to file a second or successive § 2255 motion to raise Keys's claim that his § 4B1.2(a)(2)

2

career offender sentence was unconstitutional in light of <u>Johnson</u>,[1] recognizing the prerequisite of authorization under 28 U.S.C. § 2244 to pursue a second § 2255 motion. That matter was docketed at C.A. No. 16-2055. In light of the pending § 2244 application, counsel filed a motion for voluntary dismissal in Keys's appeal at C.A. No. 15-3588. Accordingly, in June 2016, the Clerk issued the requested voluntary dismissal order.[2] Pending the outcome of the § 2244 application, counsel filed a protective § 2255 motion in the District Court, raising Keys's <u>Johnson</u> claim.

In February 2017, Keys filed this pro se mandamus petition; he was granted leave to proceed in forma pauperis in April 2017. Among other things, he states that counsel informed him that his case would not be decided until the Supreme Court issued its decision in <u>Beckles v. United States</u>, S. Ct. No. 15-8544, but he believes that a stay pending <u>Beckles</u> is unnecessary. Indeed, both this Court and the District Court entered stay orders in the proceedings on Keys's § 2244 application and his protective § 2255 motion. Keys argues that his case is distinguishable from <u>Beckles</u> on its facts. Thus, he asks us to issue a writ of mandamus to compel the District Court to rule on the § 2255 motion filed by counsel.

---

[1] Keys asserts that the residual clause definition of "crime of violence" in § 4B1.2(a)(2) is identical to the ACCA residual clause definition of "violent felony" that was invalidated in <u>Johnson</u>, and that his sentence enhancement under § 4B1.2(a)(2) is similarly unconstitutional.

[2] To the extent that Keys suggests in his filings in this matter that we currently retain jurisdiction in his appeal at C.A. No. 15-3588, he is mistaken, as that matter remains closed upon the Clerk's order of voluntary dismissal.

3

At the time Keys submitted his mandamus petition to this Court, the protectively-filed § 2255 motion was still pending before the District Court. However, the record reflects that on March 22, 2017, counsel filed a motion to withdraw the § 2255 motion, which the District Court granted later that same day, dismissing Keys's § 2255 motion. Because the District Court has reached a disposition of Keys's § 2255 motion, Keys has received the relief sought in his mandamus petition. Thus, we will dismiss the petition, as it has become moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

For similar reasons, we deny Keys's motion for an emergency hearing, which relates to his underlying § 2255 proceedings. In his motion, Keys contends that he is entitled to a new sentencing hearing and a recall of the mandate in his § 2255 proceedings in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016) (relating to ACCA sentencing). Keys filed similar motions based on Mathis in his District Court proceedings. The District Court since has denied Keys's motions, noting that any amendment to his prior § 2255 motion based on Johnson would be futile in light of the Supreme Court's decision in Beckles,[3] and that Keys's new request for § 2255 relief would be an unauthorized second or successive § 2255 motion. As the District Court has issued its rulings with respect to the underlying § 2255 proceedings, including

_____

[3] The Supreme Court issued its decision in Beckles on March 6, 2017, after Keys filed this mandamus petition. See Beckles v. United States, 137 S. Ct. 886 (2017). Beckles was sentenced as a career offender under U.S.S.G. § 4B1.2(a)'s residual clause. The Supreme Court rejected Beckles's argument that § 4B1.2(a)'s residual clause was unconstitutionally vague under Johnson, holding that the advisory Guidelines are not subject to a due process vagueness challenge and that § 4B1.2(a)'s residual clause is not void for vagueness. See Beckles, 137 S. Ct. at 897.

4

Keys's <u>Mathis</u> arguments, Keys's request for an emergency hearing on the matter is now moot. To the extent that Keys disagrees with the District Court's rulings, mandamus must not be used as a substitute for an appeal. <u>See</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 219 (3d Cir. 2003).

Accordingly, we will dismiss the petition for a writ of mandamus. The motion for an emergency hearing is denied.