**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4646**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

        v.

DAVID ROY CARTER,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:15-cr-00102-FL-1)

Submitted:  April 26, 2017                      Decided:  June 1, 2017

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Roy Carter pled guilty without a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He was sentenced to a term of 48 months' imprisonment. Carter alleges on appeal that the district court procedurally erred by sentencing him under an incorrectly calculated Guidelines range. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Carter contends that the district court procedurally erred by sentencing him under an incorrectly calculated Guidelines range of 46 to 57 months. He asserts that the range was miscalculated because the court erroneously found that his prior convictions in North

Carolina for attempted second degree kidnapping qualify as a crime of violence pursuant to U.S. Sentencing Guidelines Manual § 4B1.2 (2014), which impacted his base offense level and criminal history category. Carter argues that his offenses only qualified as a crime of violence under § 4B1.2(a)'s residual clause, which is void for vagueness under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Carter's claim is unavailing. The Supreme Court recently held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the Guidelines are not subject to a vagueness challenge under the Fifth Amendment's Due Process Clause. *Id.* at 892, 895, 897. The Court explained that, unlike the Armed Career Criminal Act's residual clause, "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895, 897. Accordingly, Carter's challenge under *Johnson* to the calculation of his Guidelines range is without merit. Finally, given the continued viability of § 4B1.2(a)'s residual clause, Carter's assertion that his conviction for an "attempted" offense cannot qualify as a crime of violence is likewise unavailing.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*