[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16086
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22728-KMM,
1:08-cr-20273-KMM-1

JESUS IZQUIERDO,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 15, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesus Izquierdo appeals the denial of his motion to vacate his sentence. 28 U.S.C. § 2255(f). Izquierdo argued that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court violated his due process rights by increasing his sentence under the residual clause of the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a). The district court ruled that Izquierdo's argument "fail[ed] as a matter of law" based on *United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015), and denied it as untimely. We affirm the denial of Izquierdo's motion on the ground that it failed on the merits.

The district court correctly ruled that *Johnson* did not affect Izquierdo's sentence under the Guidelines. After Izquierdo appealed, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017), as we had in *Matchett*, that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 895. *Beckles* confirms that *Johnson* did not affect the validity of Izquierdo's sentence.

We **AFFIRM** the denial of Izquierdo's motion to vacate.