# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-50393
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE ARCHER,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-787-1

———————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Lawrence Archer was convicted of one count of possession of a firearm by a felon and was sentenced to serve 84 months in prison and a three-year term of supervised release. He appeals his sentence, arguing that his Texas offense of evading arrest with a vehicle is not a crime of violence (COV) because the residual clause of U.S.S.G. § 4B1.2(a)(2) (2014) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50393

(2016).   He also contends that the Texas robbery offense for which he was convicted is no longer a COV as an enumerated offense in Application Note 1 to § 4B1.2 (2014) because the comment modifies the residual clause, which is unconstitutional under *Johnson*.   He asserts that, in the absence of the unconstitutional residual clause, Application Note 1 impermissibly expands the definition of a crime of violence and cannot stand.

After Archer submitted his appellate brief, the Supreme Court held that the former § 4B1.2(a)(2)'s residual clause "is not void for vagueness" because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).   That decision renders moot Archer's arguments based on the former § 4B1.2(a)(2)'s residual clause and Application Note One.

AFFIRMED.