[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12784
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00297-VMC-UAM-1


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

JERMAINE LEONTAE CARLYLE,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2017)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jermaine Carlyle appeals his 77-month sentence, imposed within the advisory guideline range, after pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Briefly stated, the appeal presents three issues:

1.   Whether the district court abused its discretion by denying Carlyle's motion to continue his sentencing hearing until after the effective date of some amended Sentencing Guidelines;

2.   Whether U.S.S.G. § 4B1.2(a)'s residual clause is unconstitutionally vague so that the district court erred by using Carlyle's prior convictions for "crimes of violence" to increase his base offense level; and

3.   Whether the district court abused its discretion by improperly weighing the § 3553(a) factors and imposing a substantively unreasonable sentence.

We see no reversible error.

First, because the district court had the inherent authority to manage its docket and Carlyle had no right to be sentenced under a future Sentencing Guidelines amendment, the district court did not abuse its discretion by denying Carlyle's motion to continue sentencing until a date after the amendment's effective date.  Second, because *Beckles v. United States*, 137 S. Ct. 886 (2017), forecloses Carlyle's argument that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered U.S.S.G. § 4B1.2(a)'s residual clause unconstitutionally vague,

2

the district court did not err by increasing his base offense level due to prior "crimes of violence." Third, because the district court addressed the § 3553(a) factors and Carlyle has not identified a specific error in the court's reasoning; the district court did not abuse its discretion by imposing a substantively unreasonable sentence.

AFFIRMED.