NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>CHARLES WILLIAM BUNNELL II, AKA Charles Bunnell,<br><br>  Defendant-Appellant. | No.  15-10419<br><br>D.C. No.<br>2:14-cr-00119-DGC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 12, 2017[**]
San Francisco, California

Before:  KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Charles Bunnell appeals his conviction for conspiracy to engage in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a) and 1594(c), and he challenges several conditions of his supervised release.

We assume without deciding that Bunnell did not waive his right to challenge his conviction or sentence and proceed to the merits of Bunnell's appeal. *See United States v. Jacobo Castillo*, 496 F.3d 947, 955-57 (9th Cir. 2007) (en banc) (holding that the enforceability of an appeal waiver and the preclusive effect of a plea agreement are not jurisdictional questions).

For the reasons in the district court's order, the Government did not engage in outrageous conduct.

Bunnell also argues that several conditions of his supervised release are illegal. *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (holding that a defendant may challenge a supervised-release condition as illegal despite an appeal waiver). Because he did not raise this challenge before the district court, we review for plain error. *See id.* at 981. The conditions he challenges are appropriate in light of his offense and characteristics, and we reject his vagueness objections.[1] We find plain error in only one condition. The district court ordered

---

[1] This is true, in particular, with respect to the condition requiring Bunnell to "attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer." Bunnell contends that this condition is vague because it leaves the probation officer with discretion to

Bunnell to "support [his] dependents and meet other family responsibilities." It is undisputed that Bunnell has no dependents, the parties have identified no relevant "family responsibilities," and the district court did not explain its reasons for imposing this condition. Nor can we see why this condition is "reasonably related" to "the nature and circumstances of the offense and the history and characteristics of the defendant," as required by 18 U.S.C. §§ 3563(b) and 3553(a)(1). This condition is reversed.

In addition, we remand to allow the district court to conform the written judgment to the oral pronouncement of the sentence with respect to the two conditions identified on pages 37 and 38 of Bunnell's opening brief and on page 54 of the Government's answering brief. If Bunnell wishes to clarify the condition prohibiting him from leaving "the judicial district," he should, as the government

---

order him to undergo plethysmographic testing or receive inpatient treatment. At this point, that possibility is speculative at most. The judgment does not contemplate those treatments; the Government agrees that Bunnell cannot be forced to undergo plethysmographic testing or inpatient treatment on this record, and we are aware of no authority requiring district courts to compose written judgments that eliminate all potential forms of treatment not contemplated at the time of sentencing. Bunnell has therefore not shown, as he must here, *see Watson*, 582 F.3d at 981, that any error in this condition affected his substantial rights.

In addition, because we find that none of the challenged conditions are vague, we need not consider the implications of *Beckles v. United States*, 137 S. Ct. 886 (2017), if any, for Bunnell's vagueness objections.

3

suggests, either seek the probation officer's permission or move the district court to modify the condition under 18 U.S.C. § 3583(e)(2).

**AFFIRMED in part, REVERSED in part, and REMANDED.**