**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10042 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00112-KJM |
| v. | |
| ROBERT R. SOLOMON III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted October 23, 2017**

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Robert R. Solomon III appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Solomon contends that the district court improperly determined that his prior assault conviction under California Penal Code § 245(a)(4) was a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) and, therefore, improperly determined his base offense level. He acknowledges that this claim is foreclosed by our holding in *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (violation of section 245 "is categorically a crime of violence" under the elements clause). However, he argues that this holding has been undermined by *Johnson v. United States*, 135 S. Ct. 2551 (2015). We disagree. *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, and did not address the elements clause. *See Johnson*, 135 S. Ct. at 2563. Moreover, *Johnson*'s holding had no effect on the advisory Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Finally, contrary to Solomon's contention, our decision in *Grajeda* is not "clearly irreconcilable" with *Descamps v. United States*, 133 S. Ct. 2276 (2013), or *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

**AFFIRMED.**