Justice THOMAS delivered the opinion of the Court.
At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). This Court held in Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.
I
Petitioner Travis Beckles was convicted in 2007 of possession of a firearm by a convicted felon, § 922(g)(1). According to the presentence investigation report, the firearm was a sawed-off shotgun, and petitioner was therefore eligible for a sentencing enhancement as a "career offender" under the Sentencing Guidelines. The 2006 version of the Guidelines, which were in effect when petitioner was sentenced,[1] provided that "[a] defendant is a career offender if
"(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).
The Guidelines defined "crime of violence" as
"any offense under federal or state law, punishable by imprisonment for a term exceeding one year that-
"(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or *891 "(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ." § 4B1.2(a) (emphasis added).
The clause beginning with "or otherwise" in this definition is known as the residual clause.
The commentary to the career-offender Guideline provided that possession of a sawed-off shotgun was a crime of violence. See § 4B1.2, comment., n. 1 ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun ... ) is a 'crime of violence' "); § 5845(a) ("The term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length").
The District Court agreed that petitioner qualified as a career offender under the Guidelines. Petitioner was over 18 years of age at the time of his offense, and his criminal history included multiple prior felony convictions for controlled substance offenses. Furthermore, in the District Court's view, petitioner's § 922(g)(1) conviction qualified as a "crime of violence." Because he qualified as a career offender, petitioner's Guidelines range was 360 months to life imprisonment. The District Court sentenced petitioner to 360 months. The Court of Appeals affirmed petitioner's conviction and sentence, and this Court denied certiorari. United States v. Beckles, 565 F.3d 832, 846 (C.A.11), cert. denied, 558 U.S. 906, 130 S.Ct. 272, 175 L.Ed.2d 183 (2009).
In September 2010, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his conviction for unlawful possession of a firearm was not a "crime of violence," and therefore that he did not qualify as a career offender under the Guidelines. The District Court denied the motion, and the Court of Appeals affirmed.
Petitioner then filed a second petition for certiorari in this Court. While his petition was pending, the Court decided Johnson, holding that "imposing an increased sentence under the residual clause of the [ACCA]"-which contained the same language as the Guidelines' residual clause-"violate[d] the Constitution's guarantee of due process" because the clause was unconstitutionally vague. 576 U.S., at ----, 135 S.Ct., at 2563. We subsequently granted his petition, vacated the judgment of the Court of Appeals, and remanded for further consideration in light of Johnson . Beckles v. United States, 576 U.S. ----, 135 S.Ct. 2928, 192 L.Ed.2d 973 (2015).
On remand, petitioner argued that his enhanced sentence was based on § 4B1.2(a)'s residual clause, which he contended was unconstitutionally vague under Johnson . The Court of Appeals again affirmed. It noted that petitioner "was sentenced as a career offender based not on the ACCA's residual clause, but based on express language in the Sentencing Guidelines classifying [his] offense as a 'crime of violence.' " 616 Fed.Appx. 415, 416 (2015) (per curiam ). "Johnson, " the Court of Appeals reasoned, "says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying [petitioner]'s status as a career-offender." Ibid. The Court of Appeals denied rehearing en banc.
Petitioner filed another petition for certiorari in this Court, again contending that § 4B1.2(a)'s residual clause is void for vagueness. To resolve a conflict among the Courts of Appeals on the question whether Johnson 's vagueness holding applies to the residual clause in § 4B1.2(a) of *892 the Guidelines,[2] we granted certiorari. 579 U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). Because the United States, as respondent, agrees with petitioner that the Guidelines are subject to vagueness challenges, the Court appointed Adam K. Mortara as amicus curiae to argue the contrary position. 579 U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). He has ably discharged his responsibilities.
II
This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson, 576 U.S., at ---- - ----, 135 S.Ct., at 2556 (citing Kolender v. Lawson, 461 U.S. 352, 357-358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) ). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that define criminal offenses and laws that fix the permissible sentences for criminal offenses.
For the former, the Court has explained that "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Id., at 357, 103 S.Ct. 1855. For the latter, the Court has explained that "statutes fixing sentences," Johnson, supra, at ----, 135 S.Ct., at 2557 (citing United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) ), must specify the range of available sentences with "sufficient clarity," id., at 123, 99 S.Ct. 2198 ; see also United States v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948) ; cf. Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).
In Johnson , we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed-in an impermissibly vague way-a higher range of sentences for certain defendants. See Alleyne v. United States, 570 U.S. ----, ----, 133 S.Ct. 2151, 2160-2161, 186 L.Ed.2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to a crime).
Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.
A
The limited scope of the void-for-vagueness doctrine in this context is rooted in the history of federal sentencing. Instead of enacting specific sentences for particular *893 federal crimes, Congress historically permitted district courts "wide discretion to decide whether the offender should be incarcerated and for how long." Mistretta v. United States, 488 U.S. 361, 363, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). For most crimes, Congress set forth a range of sentences, and sentencing courts had "almost unfettered discretion" to select the actual length of a defendant's sentence "within the customarily wide range" Congress had enacted. Id., at 364, 109 S.Ct. 647 ; see also, e.g., Apprendi v. New Jersey, 530 U.S. 466, 481-482, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ; Williams v. New York, 337 U.S. 241, 247-248, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). That discretion allowed district courts to craft individualized sentences, taking into account the facts of the crime and the history of the defendant. As a result, "[s]erious disparities in sentences ... were common." Mistretta, supra, at 365, 109 S.Ct. 647
Yet in the long history of discretionary sentencing, this Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." United States v. Booker, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ; see also, e.g., Apprendi, supra, at 481, 120 S.Ct. 2348 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion ... in imposing a judgment within the range prescribed by statute"); Giaccio, supra, at 405, n. 8, 86 S.Ct. 518 ("[W]e intend to cast no doubt whatever on the constitutionality of the settled practice of many States to leave to juries finding defendants guilty of a crime the power to fix punishment within legally prescribed limits").
More specifically, our cases have never suggested that a defendant can successfully challenge as vague a sentencing statute conferring discretion to select an appropriate sentence from within a statutory range, even when that discretion is unfettered. In fact, our reasoning in Batchelder suggests the opposite. This Court considered in that case the constitutionality of two overlapping criminal provisions that authorized different maximum penalties for the same conduct. 442 U.S., at 115-116, 99 S.Ct. 2198. The Court held that the sentencing provisions were not void for vagueness because they specified the "penalties available" and defined the "punishment authorized" upon conviction for each crime. Id., at 123, 99 S.Ct. 2198. "Although the statutes create[d] uncertainty as to which crime may be charged and therefore what penalties may be imposed, they d[id] so to no greater extent than would a single statute authorizing various alternative punishments ." Ibid. (emphasis added). By specifying "the range of penalties that prosecutors and judges may seek and impose," Congress had "fulfilled its duty." Id., at 126, 99 S.Ct. 2198 (citing Evans, supra, at 483, 68 S.Ct. 634 ; emphasis added). Indeed, no party to this case suggests that a system of purely discretionary sentencing could be subject to a vagueness challenge.
B
The Sentencing Reform Act of 1984 departed from this regime by establishing several factors to guide district courts in exercising their traditional sentencing discretion. 18 U.S.C. § 3553. Congress in the same Act created the United States Sentencing Commission and charged it with establishing guidelines to be used for sentencing. Mistretta, supra, at 367, 109 S.Ct. 647. The result of the Commission's work is the Federal Sentencing Guidelines, which are one of the sentencing factors that the Act requires courts to consider. § 3553(a)(4).
*894 The Guidelines were initially binding on district courts, Booker, 543 U.S., at 233, 125 S.Ct. 738, but this Court in Booker rendered them "effectively advisory," id., at 245, 125 S.Ct. 738. Although the Guidelines remain "the starting point and the initial benchmark" for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court "must make an individualized assessment based on the facts presented" and the other statutory factors. Gall v. United States, 552 U.S. 38, 49, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The Guidelines thus continue to guide district courts in exercising their discretion by serving as "the framework for sentencing," Peugh v. United States, 569 U.S. ----, ----, 133 S.Ct. 2072, 2083, 186 L.Ed.2d 84 (2013), but they "do not constrain th[at] discretion," id., at ----, 133 S.Ct., at 2089 (THOMAS, J., dissenting).
Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge. As discussed above, the system of purely discretionary sentencing that predated the Guidelines was constitutionally permissible. If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.
The advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine-providing notice and preventing arbitrary enforcement. As to notice, even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range. See, e.g., Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). That is because even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence. See, e.g., Pepper v. United States, 562 U.S. 476, 501, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) ("[O]ur post-Booker decisions make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views"). As we held in Irizarry v. United States, 553 U.S. 708, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), "[t]he due process concerns that ... require notice in a world of mandatory Guidelines no longer" apply. Id., at 714, 128 S.Ct. 2198 ; see id., at 713, 128 S.Ct. 2198 ("Any expectation subject to due process protection ... that a criminal defendant would receive a sentence within the presumptively applicable Guidelines range did not survive our decision in [Booker ], which invalidated the mandatory features of the Guidelines"). All of the notice required is provided by the applicable statutory range, which establishes the permissible bounds of the court's sentencing discretion.
The advisory Guidelines also do not implicate the vagueness doctrine's concern with arbitrary enforcement. Laws that "regulate persons or entities," we have explained, must be sufficiently clear "that those enforcing the law do not act in an arbitrary or discriminatory way." FCC v. Fox Television Stations, Inc., 567 U.S. 239, 253, 132 S.Ct. 2307, 183 L.Ed.2d 234 (2012) ; see also Grayned, supra, at 108-109, 92 S.Ct. 2294 ("A vague law impermissibly delegates basic policy matters" to judges "for resolution on an ad hoc and subjective basis"). An unconstitutionally vague law invites arbitrary enforcement in this sense if it "leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case," Giaccio, 382 U.S., at 402-403, 86 S.Ct. 518, or permits them to prescribe the sentences or sentencing *895 range available, cf. Alleyne, 570 U.S., at ----, 133 S.Ct., at 2160-2161 ("[T]he legally prescribed range is the penalty affixed to the crime").
The Guidelines, however, do not regulate the public by prohibiting any conduct or by "establishing minimum and maximum penalties for [any] crime." Mistretta, 488 U.S., at 396, 109 S.Ct. 647 (Sentencing Guidelines "do not bind or regulate the primary conduct of the public"). Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress. In this case, for example, the District Court did not "enforce" the career-offender Guideline against petitioner. It enforced 18 U.S.C. § 922(g)(1)'s prohibition on possession of a firearm by a felon-which prohibited petitioner's conduct-and § 924(e)(1)'s mandate of a sentence of 15 years to life imprisonment-which fixed the permissible range of petitioner's sentence. The court relied on the career-offender Guideline merely for advice in exercising its discretion to choose a sentence within those statutory limits.
Justice SOTOMAYOR's concurrence suggests that judges interpreting a vague sentencing Guideline might rely on "statistical analysis," "gut instinct," or the judge's "own feelings" to decide whether a defendant's conviction is a crime of violence. Post, at 901 (opinion concurring in judgment) (internal quotation marks omitted). A judge granted unfettered discretion could use those same approaches in determining a defendant's sentence. Indeed, the concurrence notes that federal judges before the Guidelines considered their own "view[s] of proper sentencing policy," among other considerations. Post, at 903 - 904. Yet we have never suggested that unfettered discretion can be void for vagueness.
Accordingly, we hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.
III
Our holding today does not render the advisory Guidelines immune from constitutional scrutiny. This Court held in Peugh, for example, that a "retrospective increase in the Guidelines range applicable to a defendant" violates the Ex Post Facto Clause. 569 U.S., at ----, 133 S.Ct., at 2084. But the void-for-vagueness and ex post facto inquiries are "analytically distinct." See id., at ----, 133 S.Ct., at 2088 (distinguishing an ex post facto inquiry from a Sixth Amendment inquiry). Our ex post facto cases "have focused on whether a change in law creates a 'significant risk' of a higher sentence." Ibid. A retroactive change in the Guidelines creates such a risk because "sentencing decisions are anchored by the Guidelines," which establish "the framework for sentencing." Id., at ----, ----, 133 S.Ct., at 2083. In contrast, the void-for-vagueness doctrine requires a different inquiry. The question is whether a law regulating private conduct by fixing permissible sentences provides notice and avoids arbitrary enforcement by clearly specifying the range of penalties available. The Government's rebuttal that both doctrines are concerned with " 'fundamental justice,' " Reply Brief for United States 7, ignores the contours of our precedents.
The Court has also recognized "in the Eighth Amendment context" that a district court's reliance on a vague sentencing factor in a capital case, even indirectly, "can taint the sentence." Brief for United States 43 (citing Espinosa v. Florida, 505 U.S. 1079, 1082, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992) (per curiam ); emphasis added). But our approach to vagueness *896 under the Due Process Clause is not interchangeable with "the rationale of our cases construing and applying the Eighth Amendment." Maynard v. Cartwright, 486 U.S. 356, 361, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). Our decision in Espinosa is thus inapposite, as it did not involve advisory Sentencing Guidelines or the Due Process Clause.
Finally, our holding today also does not render "sentencing procedure[s]" entirely "immune from scrutiny under the due process clause." Williams, 337 U.S., at 252, n. 18, 69 S.Ct. 1079 ; see, e.g., Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (holding that due process is violated when a court relies on "extensively and materially false" evidence to impose a sentence on an uncounseled defendant). We hold only that the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine.
IV
In addition to directing sentencing courts to consider the Guidelines, see § 3553(a)(4)(A), Congress has directed them to consider a number of other factors in exercising their sentencing discretion, see §§ 3553(a)(1)-(3), (5)-(7). The Government concedes that "American judges have long made th [e] sorts of judgments" called for by the § 3553(a) factors "in indeterminate-sentencing schemes, and this Court has never understood such discretionary determinations to raise vagueness concerns." Brief for United States 42. Because the § 3553 factors-like the Guidelines-do not mandate any specific sentences, but rather guide the exercise of a district court's discretion within the applicable statutory range, our holding today casts no doubt on their validity.
Holding that the Guidelines are subject to vagueness challenges under the Due Process Clause, however, would cast serious doubt on their validity. Many of these other factors appear at least as unclear as § 4B1.2(a)'s residual clause. For example, courts must assess "the need for the sentence imposed" to achieve certain goals-such as to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "provide the defendant with needed educational or vocational training ... in the most effective manner." § 3553(a)(2). If petitioner were correct that § 4B1.2(a)'s residual clause were subject to a vagueness challenge, we would be hard pressed to find these factors sufficiently definite to provide adequate notice and prevent arbitrary enforcement.
The Government tries to have it both ways, arguing that the individualized sentencing required by the other § 3553(a) factors is different in kind from that required by the Guidelines. "An inscrutably vague advisory guideline," it contends, "injects arbitrariness into the sentencing process that is not found in the exercise of unguided discretion in a traditional sentencing system." Reply Brief for United States 10-11. But it is far from obvious that the residual clause implicates the twin concerns of vagueness any more than the statutory command that sentencing courts impose a sentence tailored, for example, "to promote respect for the law." § 3553(a)(2)(A). And neither the Guidelines nor the other § 3553 factors implicate those concerns more than the absence of any guidance at all, which the Government concedes is constitutional.
The Government also suggests that the Guidelines are not like the other § 3553(a) factors "because they require a court to decide whether the facts of the case satisfy *897 a legal standard in order to derive a specific numerical range." Id., at 22. But that does not distinguish the other sentencing factors, which require courts to do the same thing. Section 3553(a) states that district courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [ § 3553(a)(2) ]." In fact, the Guidelines generally offer more concrete advice in imposing a particular sentence and make it easier to review whether a court has abused its substantial discretion. There is no sound reason to conclude that the Guidelines-but not § 3553(a)'s other sentencing factors-are amenable to vagueness review.
* * *
Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness. The judgment of the Court of Appeals, accordingly, is affirmed.
It is so ordered.
Justice KAGAN took no part in the consideration or decision of this case.

With one exception not relevant here, 18 U.S.C. § 3553(a)(4)(A) instructs sentencing courts to consider the Guidelines ranges that "are in effect on the date the defendant is sentenced." Accordingly, references in this opinion to the Guidelines are to the 2006 version.

Compare United States v. Matchett, 802 F.3d 1185, 1193-1196 (C.A.11 2015) (holding that the Guidelines are not subject to due process vagueness challenges), with, e.g.,United States v. Townsend, 638 Fed.Appx. 172, 178, n. 14 (C.A.3 2015) (declining to follow Matchett ); United States v. Pawlak, 822 F.3d 902, 905-911 (C.A.6 2016) (holding that the Guidelines are subject to due process vagueness challenges); United States v. Hurlburt, 835 F.3d 715, 721-725 (C.A.7 2016) (en banc) (same); United States v. Madrid, 805 F.3d 1204, 1210-1211 (C.A.10 2015) (same).