**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LARRY EUGENE STUTSON,

     Defendant - Appellant.

No. 16-6350
(D.C. No. 5:16-CV-00848-F)
(W.D. Okla.)

_____

**ORDER RESCINDING CERTIFICATE OF APPEALABILITY**
_____

Before **KELLY**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

This matter comes on for consideration of the government's *Motion to Withdraw or Rescind Certificate of Appealability and Dismiss Appeal* and the defendant's response. Upon consideration thereof, the motion is granted.

On February 15, 2017, this court granted a certificate of appealability as to "Whether enforcement of a collateral attack waiver to prevent a constitutional challenge to a sentence enhanced under the now-void residual clause of the United States Sentencing Commission Guidelines would result in a miscarriage of justice."

The government argues in its motion that because *Beckles v. United States*, ___ S. Ct. ___, 2017 WL 855781 (Mar. 6, 2017), held that the Guidelines are not unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), it undercuts the rationale for granting COA in this case. The defendant agrees.

In light of *Beckles*, we conclude that the aforementioned certificate of appealability was improvidently granted. We **RESCIND** the certificate of appealability issued on February 15, 2017, and **DISMISS** this appeal.


Entered for the Court
Per Curiam