**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-35165 |
| Plaintiff-Appellee, | D.C. Nos. 2:14-cv-00038-DWM<br>2:10-cr-00001-DWM |
| v. | |
| ALEXANDER WILLIAM FETTERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Alexander William Fetters appeals from the district court's judgment

dismissing his 28 U.S.C. § 2255 motion.  We have jurisdiction under 28 U.S.C.

§ 2253.  We review de novo the district court's denial of a section 2255 motion,

*see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fetters contends that his sentence as a career offender under U.S.S.G. § 4B1.1 is unconstitutional because *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated U.S.S.G. § 4B1.2(a)(2)'s residual clause, and therefore his prior criminal endangerment convictions no longer qualify as predicate crimes of violence. Fetters's argument is foreclosed. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness").

**AFFIRMED.**