# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1554

_____

Joaquin D. Cervantes

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: June 6, 2017
Filed: July 24, 2017
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Joaquin Cervantes pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced

to 120 months' imprisonment. He appeals from the district court's[1] denial of his motion to vacate the sentence. We affirm.

The revised presentence report (PSR) prepared before Cervantes's sentencing calculated a base offense level of 26 under § 2K2.1(a)(1) of the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines). That offense level was based on two prior felony convictions for crimes of violence—namely, Nebraska state-law convictions for assault by a confined person and for terroristic threats. Based on a total offense level of 26 and a criminal history category of VI, the PSR calculated an advisory Guidelines sentence of 120 months' imprisonment, the statutory maximum under 18 U.S.C. § 924(a)(2). Cervantes did not object to the PSR, and the district court adopted the findings set forth therein. Cervantes did not appeal from the 120-month sentence that the district court imposed.

When Cervantes was sentenced, U.S.S.G. § 4B1.2(a) defined the term "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Subsection (1) is known as the "force clause" of the definition. The concluding phrase in subsection (2)—"or otherwise involves conduct that presents a serious

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

potential risk of physical injury to another"—is known as the "residual clause." In Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), the United States Supreme Court held that the identically worded residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was impermissibly vague and thus violated the Fifth Amendment's Due Process Clause.

After Johnson was decided, Cervantes moved to vacate his sentence. He argued that, under Johnson, the residual clause in the Guidelines definition of "crime of violence" is also unconstitutionally vague. The district court denied the motion, reasoning that Johnson does not retroactively invalidate sentences under the residual clause of U.S.S.G. § 4B1.2(a) and, alternatively, that Cervantes's state-law convictions for assault by a confined person and terroristic threats constituted crimes of violence under the force clause of § 4B1.2(a). The district court certified these issues for appeal. We thereafter granted Cervantes's motion to hold the appeal in abeyance pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).

In Beckles, the Court held that, because the Guidelines are merely advisory, they "are not subject to a vagueness challenge under the Due Process Clause." Id. at 892. Cervantes has not disputed that the residual clause of U.S.S.G. § 4B1.2(a), if constitutional, encompasses his predicate convictions. Beckles thus forecloses Cervantes's argument. In light of this holding, we need not address the district court's alternative conclusion that Cervantes's predicate convictions fall within the force clause of § 4B1.2(a).

The judgment is affirmed.

_____