**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4609**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MIKE SHERIFF SCOTT,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:15-cr-00031-IMK-JSK-1)

Submitted: August 10, 2017                 Decided: August 25, 2017

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Katheryn Marcum, FEDERAL PUBLIC DEFENDER'S OFFICE, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mike Sheriff Scott pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Scott to 77 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

On appeal, Scott argues that the district court plainly erred in calculating the base offense level under the Sentencing Guidelines because, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction for first-degree assault under Maryland law is no longer a crime of violence. *See* U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2) & cmt. n.1, 4B1.2(a) (2014). Scott's argument, however, is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Johnson*, the Supreme Court determined that the residual clause of the definition of a violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(c) (2012) (ACCA), reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2556-63. In *Beckles*, however, the Court held that the Guidelines, unlike the ACCA, are not subject to a vagueness challenge because they do not set the permissible range of sentences for an offense but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 892. "The residual clause in [USSG] § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*