**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6404**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ROBERT NICHOLAS ROSS,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:08-cr-00019-JPB-RWT-1; 3:16-cv-00078-JPB-RWT)

Submitted:  October 11, 2017               Decided:  November 2, 2017

Before TRAXLER, KEENAN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Barry Philip Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Nicholas Ross appeals the district court's order denying his 28 U.S.C. § 2255 (2012) motion. Ross was sentenced as an armed career criminal to 180 months' imprisonment for his felon in possession of a firearm offense, 18 U.S.C. §§ 922(g), 924(e) (2012).

In his § 2255 motion, Ross challenged the 180-month sentence, relying on *Johnson v. United States*, 135 S. Ct. 2551, 2556-58 (2015) (holding that residual clause of Armed Career Criminal Act (ACCA) is unconstitutionally vague). Although Ross clearly stated a challenge to his ACCA sentence, both Ross and the district court at various points seemed to conflate Ross' ACCA sentence with a career offender sentence under the Sentencing Guidelines. As a result of this confusion, the district court denied Ross relief on the ground that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, citing the Supreme Court's recent opinion in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017) .

On appeal, Ross, now with the assistance of counsel, continues to challenge his ACCA sentence, asserting that his prior Maryland burglary convictions do not qualify as proper predicate offenses supporting an ACCA enhancement in light of *Johnson*. Because the district court appears to have misconstrued Ross' claim, we conclude that a certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(1)(B), (2) (2012); *Miller-el v. Cockrell*, 537 U.S. 322, 336-38 (2003). Therefore, we grant a certificate of appealability, vacate the decision of the district court, and remand the case to the district court to allow the court to consider the § 2255 motion as a challenge to Ross's ACCA

2

sentence rather than as a challenge to a career offender sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*