# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4063
_____

James Villa,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 1, 2017
Filed: November 14, 2017
[Unpublished]
_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2013, James Villa pled guilty to possession with intent to distribute marijuana and he was sentenced as a career offender to 164 months in prison. In 2015, Villa filed this 28 U.S.C. § 2255 motion, claiming that his sentence violated his rights under the Due Process Clause because he no longer qualified as a career offender after *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that

the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. Villa argued by extension that an identically-worded provision of the Sentencing Guidelines applied in his case, USSG § 4B1.2(a)(2) (2013), was also unconstitutionally vague. The district court[1] denied relief, and Villa appeals.

Assuming without deciding that Villa's claim was not waived in his plea agreement, Villa is not entitled to relief under § 2255 because the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.