**ON PETITION FOR REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7744**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

STEVEN LAVOUR TWITTY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Cameron McGowan Currie, Senior District Judge. (0:98-cr-00826-CMC-1; 0:15-cv-02797-CMC)

_____

Submitted: April 24, 2018                    Decided: May 7, 2018

_____

Before MOTZ and KING, Circuit Judges.[*]

_____

Vacated and remanded by unpublished per curiam opinion.

_____

[*] This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (2012).

Steven Lavour Twitty, Appellant Pro Se. Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lavour Twitty petitions this court for panel and en banc rehearing of our decision affirming the district court's denial of relief on his 28 U.S.C. § 2255 (2012) motion. *See United States v. Twitty*, 683 F. App'x 194 (4th Cir. 2017). Our opinion applied *Beckles v. United States*, 137 S. Ct. 886 (2017), to Twitty's case without analyzing the appropriateness of *Beckles*' application, given that the district court imposed Twitty's sentence pursuant to the mandatory Sentencing Guidelines procedures in existence prior to *United States v. Booker*, 543 U.S. 220 (2005). *See Twitty*, 683 F. App'x at 194-95. Accordingly, we grant the petition for panel rehearing but deny the petition for rehearing en banc.

We previously granted a certificate of appealability in this appeal on the issues of whether the district court improperly designated Twitty as a career offender, whether such a claim was cognizable on collateral review, and whether Twitty suffered any prejudice from the alleged error. The district court dismissed the § 2255 motion, ruling that Twitty could not show prejudice because, given his sentencing enhancements, his Guidelines range would be the same, even absent his career offender status. However, the district court did not consider the impact of the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures.

Accordingly, we vacate the district court's order and remand for reconsideration of Twitty's motion in light of the changing legal landscape regarding numerous issues in this case. We deny Twitty's motion to appoint counsel and dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*