[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13657
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22246-DLG,
1:97-cr-00554-DLG-1

PAUL LEWIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 9, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Paul Lewis appeals the district court's denial of his 28 U.S.C. § 2255 motion

to vacate his sentence.

Lewis was convicted in 1998 of one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and one count of using and carrying a firearm during and in relation to a drug trafficking crime and crime of violence, in violation of 18 U.S.C. § 924(c).  He received a career offender enhancement under Section 4B1.2(a) of the United States Sentencing Guidelines, which were mandatory at that time, based on prior Florida convictions for burglary of an unoccupied dwelling, false imprisonment, aggravated assault with a firearm, robbery with a firearm, and resisting arrest with violence.  He was sentenced to 420 months.  In 2016, he filed this Section 2255 motion, his first, on the ground that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also invalidated the identically-worded residual clause in Section 4B1.2(a) of the guidelines.  He acknowledged the Supreme Court's holding in *Beckles v. United States*, 580 U.S. __, 137 S. Ct. 886, 890 (2017), that the advisory guidelines are not subject to vagueness challenges, but argued that *Beckles* does not apply here because he was sentenced when the guidelines were mandatory.  The district court rejected that argument based on binding precedent from this Court and denied his motion.  This is Lewis's appeal.

We have held that "[t]he Guidelines—whether mandatory or advisory— cannot be unconstitutionally vague because they do not establish the illegality of

2

any conduct and are designed to assist and limit the discretion of the sentencing judge." *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). That decision forecloses Lewis's argument that Section 4B1.2(a) is unconstitutionally vague in light of *Johnson*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[Under the] prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."). His argument that *In re Griffin* is not binding because it involved an application to file a second or successive petition under 28 U.S.C. § 2255 fails because three-judge orders decided in the second or successive context "are binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks." *United States v. St. Hubert*, 883 F.3d 1319, 1329 (11th Cir. 2018). And his argument that *Beckles* undermines *In re Griffin* to the point of abrogation also fails because, as he admits, *Beckles* did not address whether the mandatory guidelines are subject to a vagueness challenge. *See Beckles*, 137 S. Ct. at 890. Because *Beckles* is not directly on point, *In re Griffin* remains binding. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening

3

Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.").

   **AFFIRMED.**