[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12779
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-20468-DLG,
1:95-cr-00787-DLG-2

CHARLES FOXX,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

Charles Foxx, a federal prisoner, appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate his sentence. The district court granted a

certificate of appealability on one issue: "[W]hether *Johnson*[1] applies to the Sentencing Guidelines' career offender provisions when Movant was sentenced pre-*Booker*."[2] As Foxx restates it, the issue on appeal is whether *Johnson* "renders void for vagueness the residual clause of the career-offender provision in the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2), which was mandatory at the time of sentencing."

This Court has already held that the "Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (per curiam).

Foxx first argues that *In re Griffin* does not bind this panel, as it was decided in the second or successive application context. This Court has recently proclaimed that our prior panel precedent rule applies to published second or successive orders (such as *In re Griffin*). *See United States v. St. Hubert*, 883 F.3d 1319, 1329 (11th Cir. 2018). Although this rule is subject to dissent within the Circuit, *see, e.g.*, *In re Williams*, ___ F.3d ___, ___, 2018 WL 3640369, at *2–6 (11th Cir. 2018) (Wilson, J., specially concurring), it is the one that binds us, and we will follow it. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).
[2] *United States v. Booker*, 543 U.S. 220 (2005).

established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").

Next, Foxx argues that *Beckles v. United States*, 137 S. Ct. 886 (2017), undermines *In re Griffin* to the point of abrogation, freeing us from *In re Griffin*'s rule. However, Foxx admits that "*Beckles* did not squarely decide whether the mandatory Guidelines are susceptible to a vagueness challeng[e]," instead "repeatedly fram[ing] and analyz[ing] the issue" in the advisory context. But, "[i]n addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246 (11th Cir. 2009). Therefore, we cannot deviate from *In re Griffin* given the current state of the law, and this forecloses Foxx's appeal.

**AFFIRMED.**