IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>   v.<br><br>ROBERT KENT CHASE,<br><br>     Appellant. | No. 79894-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

  SMITH, J. — Robert Chase appeals his conviction and sentence regarding four counts of unlawful possession of a firearm in the second degree. He asserts that the felony firearm registration requirement, RCW 9.41.330, is unconstitutionally vague and that the trial court erred in ordering (1) discretionary legal financial obligations (LFOs), (2) interest on nonrestitution LFOs, and (3) restitution. Because the firearm registration statute does not define a criminal offense or fix the permissible sentence for a criminal offense, the void for vagueness doctrine does not apply. With regard to LFOs, the court may not impose discretionary LFOs or interest on nonrestitution LFOs on an indigent defendant, and the court erred in ordering both. And while the judgment and sentence mentioned restitution, the court did not order restitution. Therefore, we affirm in part but remand for the trial court to strike (1) the parts of the judgment and sentence requiring Chase to pay discretionary LFOs and interest on nonrestitution LFOs and (2) the aspects of the judgment indicating that Chase might owe restitution.

 Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

In March 2018, Chase and Gene Parker Jr., Chase's original codefendant, went to the home of Jennifer Perry, because they believed that Parker's girlfriend was there. Following disputed events, shots were fired at Perry's house. When they arrived back at Chase's home, Chase called the police. When the police arrived, according to the officers' testimony at trial, Chase denied possessing any firearms because "he wasn't allowed to," but admitted that he manufactured gun parts. After obtaining a search warrant, the officers found multiple firearms under Chase's bed.

The State later charged Chase with first degree assault while armed with a deadly weapon, as a principal and/or an accomplice, and four counts of second degree unlawful possession of a firearm.

Parker pleaded guilty to witness tampering and second degree assault prior to trial, and he testified for the State at trial. During opening arguments, Chase's counsel admitted that because he was previously found guilty of a felony charge, Chase was not allowed to possess firearms. Following the trial, the jury acquitted Chase of first degree assault but found Chase guilty on each count of unlawful possession of a firearm.

At the sentencing hearing, the court ordered Chase to pay "mandatory court fines as well as the crime lab fee, the DNA [(deoxyribonucleic acid)] collection fee and court costs." Neither the parties nor the court mentioned restitution. In discussing whether to impose the firearm registration requirement, the court expressed concern that Chase not only possessed guns despite

knowing that he was not allowed to, but also manufactured gun parts and built guns.

In the judgment and sentence, the court ordered Chase to register as a felony firearm offender. In addition, the court ordered Chase to pay the following fees, along with other LFOs and interest: (1) criminal filing, (2) jury demand, and (3) crime lab. The court neither ordered restitution nor listed any amount of restitution or any person to whom restitution is owed. However, the court checked the boxes that indicated that "[r]estitution ordered . . . shall be paid jointly and severally with" Parker and that Chase waived his "right to be present at any restitution hearing." Before Chase's appeal, the court found Chase indigent.

## ANALYSIS

### Firearm Registration Statute

Chase contends that the firearm registration statute, RCW 9.41.330, is unconstitutionally vague and violates his due process rights.[1] We disagree.

"Constitutional questions are questions of law and, accordingly, are subject to de novo review." State v. McCuistion, 174 Wn.2d 369, 387, 275 P.3d 1092 (2012). In reviewing a statute for vagueness, we must first determine

---

[1] The State contends that Chase cannot raise this issue on appeal as he did not argue it below. "'[T]he appellate court may refuse to review any claim of error which was not raised in the trial court,'" but a party may raise a "'manifest error affecting a constitutional right'" for the first time on appeal. State v. Gregg, 9 Wn. App. 2d 569, 574, 444 P.3d 1219 (alteration in original) (quoting RAP 2.5(a)), review granted, 194 Wn.2d 1002 (2019). Because Chase alleges a violation of his constitutional rights, we exercise our discretion to review the issue.

whether the void for vagueness doctrine applies to the challenged statute. See State v. Baldwin, 150 Wn.2d 448, 457-58, 78 P.3d 1005 (2003). To this end, the vagueness doctrine applies to "laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017).

In determining whether the void for vagueness doctrine applies to RCW 9.41.330, Baldwin is instructive. There, Jeanne Baldwin appealed her convictions and sentence for five crimes, including two counts of identity theft. Baldwin, 150 Wn.2d at 451. The trial court had ordered an exceptional sentence based on former RCW 9.94A.120 (2000) and former RCW 9.94A.390 (2000). Baldwin, 150 Wn.2d at 452, 458. On appeal, Baldwin asserted that both statutes were unconstitutionally vague "as applied to the identity theft convictions." Baldwin, 150 Wn.2d at 453. Our Supreme Court recognized that "[b]oth prongs of the vagueness doctrine focus on laws that prohibit or require conduct" and that the exceptional sentence statutes neither "define conduct nor . . . allow for arbitrary arrest and criminal prosecution by the State." Baldwin, 150 Wn.2d at 458-59. Therefore, it concluded that "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." Baldwin, 150 Wn.2d at 459.

In Beckles, the United States Supreme Court addressed a similar issue when Travis Beckles challenged the federal advisory sentencing guidelines that provided for "career offender" sentencing enhancements. 137 S. Ct. at 890-91. The Court concluded that the guidelines were not subject to a void for vagueness

4

challenge because they "do not fix the permissible range of sentences;" instead, "[t]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Beckles, 137 S. Ct. at 892.

Likewise, in DeVore, Matthew DeVore challenged as unconstitutionally vague the destructive impact sentencing aggravator. State v. DeVore, 2 Wn. App. 2d 651, 660, 413 P.3d 58, review denied, 191 Wn.2d 1005 (2018). On appeal, the court applied Baldwin and Beckles and emphasized that the "destructive impact factor does not increase the permissible sentence of the offender." DeVore, 2 Wn. App. 2d at 665. Therefore, the court concluded that "challenges to the destructive impact factor and other aggravating factors . . . do not merit review under the void for vagueness doctrine." DeVore, 2 Wn. App. 2d at 665.

Here, RCW 9.41.330 does not proscribe or prescribe Chase's conduct. Specifically, RCW 9.41.330(1) provides that "whenever a defendant . . . is convicted of a felony firearm offense . . . , the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement." In short, a court *must consider* whether to impose the registration requirement on a defendant, but then, the court *may* exercise its discretion to impose such a requirement. Accordingly, RCW 9.41.330 does not fix sentencing aspects, and it neither proscribes nor prescribes criminal conduct. Because Chase is not asserting that RCW 9.41.333—the statute prescribing the registration requirements that he must follow—is unconstitutionally vague, no due process

5

concern is implicated. Therefore, we conclude that the void for vagueness doctrine does not apply to RCW 9.41.330.

Chase disagrees and asserts that the statute is penal—rather than guiding—in nature. To this end, Chase cites RCW 9.41.335(1), (2), which provides that an individual who is required to, but fails to, register is guilty of a gross misdemeanor. But Chase did not challenge these statutes as unconstitutionally vague; he challenged RCW 9.41.330, which provides the *court* with guidance for deciding whether to subject the defendant to the registration requirement. Indeed, he asserts that "[t]his statute affords too much discretion because it provides standards that are wholly inadequate to *guide a trial court's discretion*." Thus, Chase's assertion fails. See Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983) ("[T]he void-for-vagueness doctrine requires that a penal statute define the *criminal offense* with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." (emphasis added)).

Chase also relies on Johnson v. United States[2] for the proposition that "Baldwin's holding that sentencing statutes are not subject to vagueness claims has now been contradicted." In Johnson, the United States Supreme Court reviewed the constitutionality of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), which "increases [a defendant's] prison term to a minimum of 15 years and a maximum of life" when the defendant has three or more prior

---

[2] 576 U.S. 591, 593, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

6

convictions for "'serious drug offense[s]'" or "'violent felon[ies].'" 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(1)). Johnson challenged a clause defining what constitutes violent felony. Johnson, 576 U.S. at 593. The Court concluded that the clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the . . . clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 576 U.S. at 597. But in Beckles, the Court distinguished Johnson, noting that Johnson applied "the vagueness rule to a statute *fixing* permissible sentences." Beckles, 137 S. Ct. at 892 (emphasis added).

Here, the statute does not require that the court impose a minimum sentence, i.e., the statute does not fix the sentence range or other aspects of the sentence. Rather, as discussed, the statute provides authority for the court to exercise its discretion and determine whether imposition of the registration requirement is appropriate. Because RCW 9.941.330 involves a discretionary—not mandatory or fixed—decision and does not proscribe or prescribe conduct, Chase's reliance on Johnson is misplaced.

### Legal Financial Obligations

Chase challenges the following LFOs that the court imposed upon him: (1) criminal filing fee, (2) jury demand fee, (3) crime lab fee, and (4) interest on nonrestitution LFOs. Chase also challenges the restitution provisions of the sentence. The State concedes that the LFOs were improper and contends that no restitution was ordered. For the following reasons, we accept the State's concessions and agree.

7

RCW 10.101.010(3) provides the trial court factors to consider when determining whether a defendant is indigent. Under RCW 36.18.020(2)(h), a court cannot impose a criminal filing fee on an indigent defendant as defined by RCW 10.01.010. Similarly, under RCW 10.01.160(3), courts cannot "impos[e] *discretionary* costs on a defendant who is indigent at the time of sentencing." State v. Ramirez, 191 Wn.2d 732, 746, 426 P.3d 714 (2018) (emphasis added). And the jury fee and crime lab fee are discretionary. See RCW 10.46.190 (When tried by a jury, a defendant "*may* be liable" for a jury fee. (emphasis added)); RCW 43.43.690(1)[3] ("[T]he court shall levy a crime laboratory analysis fee," but "[u]pon a verified petition by the [defendant], the court *may* suspend payment of all or part of the fee if it finds that the person does not have the ability to pay the fee." (emphasis added)); see, e.g., State v. Bartholomew, 104 Wn.2d 844, 848, 710 P.2d 196 (1985) ("may" provides the trial court discretion in applying a statute). Finally, RCW 10.82.090(1) provides that "no interest shall accrue on nonrestitution legal financial obligations."

Here, the trial court found Chase indigent on two separate occasions. Moreover, the record indicates that if the trial court were to complete the inquiry under RCW 10.01.010(3), the court would likely find that Chase falls within the definition of indigent.[4] Accordingly, because these fees are discretionary and

---

[3] Despite Chase's contention, State v. Malone, 193 Wn. App. 762, 376 P.3d 443 (2016), does not directly address the issue of whether the crime lab fee is discretionary. 193 Wn. App. at 765-66. Rather, the court remanded to the trial court to review whether the defendant was indigent and strike all discretionary LFOs. Malone, 193 Wn. App. at 766.

[4] The State contends that the trial court did not "engage in the type of inquiry contemplated by" Ramirez and required by RCW 10.01.010 to determine

cannot be imposed on an indigent defendant, the trial court erred by imposing them.

As a final matter, Chase contends that the trial court erred when it ordered restitution. While the court indicated that Chase and Parker were jointly and severally liable for restitution and that Chase waived his right to be present at the restitution hearing, it did not order restitution. Therefore, we need not address this issue. Nonetheless, on remand, the trial court should strike these provisions for the sake of clarity.

We affirm Chase's conviction but remand for the trial court to strike the following: (1) crime lab fee, (2) jury fee, (3) interest accrual on nonrestitution LFOs, and (4) for clarity, those aspects of the sentence indicating that Chase waived his right to be present at a future restitution hearing and that Chase would be jointly and severally liable for any restitution owed.

WE CONCUR:

---

whether a defendant is indigent. Nonetheless, because the State believes that the court likely would find Chase indigent, it concedes these issues and asserts that "[t]here is little point to remanding this matter" for a determination of Chase's indigency.