NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0109n.06

No. 21-1418

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 01, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>ERVIN JUNIUS THORNTON, II,<br><br>        Defendant-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

SILER, Circuit Judge.  In 1999, the district court sentenced Ervin Thornton to life imprisonment for his involvement in the murders of Lee Davis and Fanny Strickland.  Over twenty years later, the district court granted Thornton's motion for compassionate release, and it reduced Thornton's sentence to 30 years of imprisonment.  Following the district court's decision, we have since held that the factors upon which the district court relied cannot constitute "extraordinary and compelling reasons" to warrant a sentence reduction pursuant to the compassionate-release statute.  Accordingly, for the reasons that follow, we REVERSE.

**I.**

In 1998, a grand jury charged Thornton with various drug and firearms offenses, including two counts of firearms murder during or in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(j)(1), 2.  The indictment alleged that in 1995 Thornton and a codefendant shot and killed Lee Davis, and his sister Fanny, for money at the behest of a drug organization member.

They also shot Eric Williams several times, who survived the attack. At the time of the shooting, Thornton was 19 years old.

While Thornton's codefendants entered plea agreements, accepted responsibility, and cooperated with the government, Thornton proceeded to trial, and the jury convicted him on all counts. At the time of sentencing, pre-*Booker*,[1] the United States Sentencing Guidelines mandated that Thornton receive a life sentence. The district judge at the time further maintained that Thornton "richly deserve[d] a custody sentence." We affirmed Thornton's convictions and sentence on direct appeal, *see United States v. Thornton*, 234 F.3d 1271 (6th Cir. 2000) (table), and his subsequent collateral attacks have been unsuccessful.

In 2020, before a different district judge, Thornton filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging that numerous factors constituted "extraordinary and compelling reasons" to warrant a reduction in his sentence. At a hearing on the motion, the court issued an oral ruling, relying exclusively on four of these factors. First, although it did not cite *Booker*, the court indicated that it had "an opportunity now to impose a sentence that is perhaps different than Judge Gadola's." Second, while the court disagreed with Thornton's characterization of himself as a "juvenile" at the time of the offenses, it indicated that there was "no question he was young. Nineteen is not old." Third, the court cited the "large disparity" between Thornton's and his codefendants' sentences. And finally, the court considered Thornton's rehabilitative efforts in prison. The court found that "taking all of those things into consideration . . . the Defendant's situation is extraordinary and compelling for a modification of his sentence," and it reduced Thornton's sentence to a total of 360 months of imprisonment. The court

---

[1] *United States v. Booker*, 543 U.S. 220 (2005). *See also Beckles v. United States*, 580 U.S. 256, 265 (2017) ("The Guidelines were initially binding on district courts, . . . but this Court in *Booker* rendered them effectively advisory." (internal citations and quotation marks omitted)).

subsequently entered an order confirming that it granted Thornton's motion "[f]or the reasons stated on the record."[2]

## II.

On appeal, the government submits that our intervening case law forecloses the district court's finding that Thornton demonstrated "extraordinary and compelling reasons" to justify a reduced sentence. We agree.

We review a district court's decision to grant a motion for compassionate release for an abuse of discretion. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). Because there are currently no policy statements that apply if a defendant files a motion for compassionate release, in practice, a district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "the relevant [18 U.S.C.] 3553(a) factors support the reduction." *Id.* (quoting § 3582(c)(1)(A)(i)); *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc). Without an "extraordinary and compelling" reason, the district court may not grant compassionate release. *See Hunter*, 12 F.4th at 572.

As to the district court's apparent reliance on *Booker* as an "extraordinary and compelling" reason to reduce Thornton's sentence, we have "explicitly held that *Booker* 'does not apply retroactively in collateral proceedings.'" *Id.* at 565 (collecting cases). And this court, sitting en

---

[2] Contrary to Thornton's contention on appeal, the district court did not consider Thornton's additional arguments as to his family circumstances, specifically that his stepfather is ill and his mother needs assistance caring for him, and the impact of the COVID-19 pandemic on him and his health. However, even if the court had considered those factors, neither is "extraordinary and compelling" based on the factual record in Thornton's case. *See United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (holding that, absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered "extraordinary and compelling"); *United States v. Villasenor*, No. 21-3477, 2021 WL 5356032, at *1 (6th Cir. Nov. 17, 2021) (the district court did not abuse its discretion in finding that the defendant's mother's caregiving needs were not extraordinary).

banc, recently resolved our "intractable" "intra-circuit split" and held that "nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *McCall*, 56 F.4th at 1051, 1055. Thus, the court erred to the extent it relied on *Booker* to reduce Thornton's sentence.

With respect to Thornton's age at the time of the offenses and the disparities between his and his codefendants' sentences, we have also since held that "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction," and we specifically found that a defendant's age and his codefendants' sentences are such facts. *Hunter*, 12 F.4th at 562, 569. Therefore, the district court's second and third reasons for granting relief were also impermissible. Finally, "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* at 572 (alteration in original) (quoting 28 U.S.C. § 994(t)); *McCall*, 56 F.4th at 1061.

Thus, none of the district court's considerations, standing alone, constitute "extraordinary and compelling reasons" to warrant relief. Even "taking all of th[e]se things into consideration," as the district court did, the sum of each individually insufficient—and impermissible—factor does not amount to an "extraordinary and compelling" reason to reduce Thornton's sentence. *Cf. McKinnie*, 24 F.4th at 588. The district court abused its discretion by finding otherwise.

REVERSED.