**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30040 |
| Plaintiff-Appellee, | D.C. No.<br>3:13-cr-00100-SLG-1 |
| v. | |
| MIKEYLEE BORJA MUNA, AKA Mikey Lee Borja Muna, AKA Guam, AKA Raymond Vicente Miendiola, AKA Muna, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 12, 2018**
Anchorage OldFedBldg, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Mikeylee Muna appeals the district court's order granting the government's

motion pursuant to Fed. R. Crim. P. 35(a) to correct the sentence imposed on Muna

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on resentencing. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

Following Muna's plea of guilty to two counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), the district court imposed a sentence of 75 months based in part on a determination that a prior conviction for assault in the third degree under A.S. § 11.41.220(a)(1)(A) was a crime of violence under U.S.S.G. § 4B1.2(a)(2). Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court granted Muna's 28 U.S.C. § 2255 motion and reduced Muna's sentence to 60 months. Then, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), in which it held that the Sentencing Guidelines were not susceptible to vagueness challenges such as the one at issue in *Johnson*. Subsequently, the government filed a motion under Fed. R. Crim. P. 35(a) to modify the sentence, arguing that the 60-month sentence was clear error in light of *Beckles* and requested that the court reinstate the original 75-month sentence.

Muna argues that judicial estoppel prevents the re-sentencing based on the government's argument in *Beckles*, in which the government represented to the Supreme Court that individuals who had already been resentenced in light of

*Johnson* would "keep their sentences" even if *Beckles* were decided in the government's favor. We affirm on two grounds.

First, Muna's briefing does not address the question certified by this court. We granted Muna's certificate of appealability "with respect to the following issue: whether due process was violated when the district court granted the government's motion to set aside appellant's reduced sentence after the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017)." Our authority to review this issue comes from 28 U.S.C. § 2253, which allows certificates of appealability to issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Here, although the issue certified by this court relates to a constitutional right (due process), Muna has failed to explain how his judicial estoppel theory implicates that right. Given the strict requirements of § 2253(c)(2), we doubt our authority to rule on a claim that does not implicate a constitutional right. Thus, quite apart from the merits of Muna's brief, we affirm because Muna has failed to prove a due process violation.

But, second, even if we were to consider Muna's judicial estoppel argument, we would affirm because the district court did not abuse its discretion in granting the government's motion. "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an

advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (quoting *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)). In considering judicial estoppel, we typically consider:

> (1) whether a party's later position is "clearly inconsistent" with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party."

*United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).

This case is easily distinguished from the typical judicial estoppel context, where a party "prevail[s] in one phase of a case on an argument and then rel[ies] on a contradictory argument to prevail in another phase." *New Hampshire*, 532 U.S. at 749. This case and *Beckles* are two different cases. Further, it is not clear from the oral argument whether or not the government persuaded the Supreme Court that *Beckles* would not apply to change the sentences of any defendants re-sentenced post-*Johnson*. The Supreme Court did not address the issue in its opinion. In addition, the government neither has an unfair advantage nor imposes an unfair detriment in the present dispute because of its previous representation in an unrelated case.

Because two of the three *New Hampshire* factors are not satisfied, the district court did not abuse its discretion when it did not apply judicial estoppel. *See United States v. Ruiz*, 73 F.3d 949, 953 (9th Cir. 1996) (holding that the district court did not abuse its discretion in declining to invoke judicial estoppel because the record indicated that the doctrine was not applicable).

**AFFIRMED.**