# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41034
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

HECTOR ALEXANDER CABRERA,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:15-CR-198-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hector Cabrera was convicted of being unlawfully present in the United States after removal and was sentenced to a 38-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, he challenged the district court's application of an eight-level aggravated-felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (2014). Cabrera also contended that the court erred by entering a judgment reflecting that he was convicted and sentenced under 8 U.S.C. § 1326(b)(2). We affirmed. *United States v. Cabrera*, 671 F. App'x 352 (5th Cir. 2016) (per curiam).

In *Bello v. United States*, 138 S. Ct. 1976 (2018), the Court granted certiorari, vacated, and remanded this matter and others for reconsideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Court held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague. *See id.* at 1210, 1223. At our request, the parties provided supplemental letter briefs in which they largely agree as to the effect of *Dimaya*.

In *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge." "[T]he Guidelines' continued use of § 16(b) for definitional purposes is constitutionally inoffensive," so "§ 16(b) remains incorporated into the advisory-only Guidelines for definitional purposes." *United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018). It follows that, as the parties acknowledge, the unconstitutionality of § 16(b)'s residual clause does not render erroneous the district court's application of the § 2L1.2(b)(1)(C) enhancement. *See id.*

"While *Dimaya* does not forbid using § 16(b) to calculate recommended sentences under the nonbinding Guidelines, we recognize that *Dimaya* very clearly speaks to situations where a sentencing maximum or minimum is statutorily fixed." *Godoy*, 890 F.3d at 541−42. In sentencing Cabrera under § 1326(b)(2), which provides for a maximum sentence of 20 years for defendants previously convicted of an aggravated felony, the district court necessarily relied on the now-unconstitutional definition of "aggravated felony" in § 16(b). *See id.* at 542. Thus, as the parties agree, *Dimaya* renders erroneous

2

the designation, in the written judgment, that Cabrera was convicted and sentenced under § 1326(b)(2).

The remaining question is whether we should remand. Cabrera maintains that a remand for correction is the proper remedy, but the government asserts that we may modify the judgment without remanding. The government is correct: Although we could remand, courts of appellate jurisdiction are permitted to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review." 28 U.S.C. § 2106. Indeed, in a recent appeal similarly affected by *Dimaya*, we reformed the judgment to correct an erroneous reference to § 1326(b)(2). *See Godoy*, 890 F.3d at 542.

Accordingly, the judgment is MODIFIED to reflect that Cabrera was convicted and sentenced according to 8 U.S.C. § 1326(a) and (b)(1), and the judgment as modified is AFFIRMED. Because Cabrera's release date is imminent, the mandate shall issue forthwith.