**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:94-cr-00055 (RCL)** |
| | ) | |
| **WILL ANDERSON,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ORDER

Defendant Will Anderson seeks a court order modifying his sentence under 28 U.S.C. § 2255. He looks for relief in the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The *Johnson* Court held that the residual clause defining "violent felony" under the Armed Career Criminal Act (ACCA) was unconstitutionally vague. Anderson was sentenced pursuant to then-mandatory guidelines that contained an identical residual clause defining "crime of violence." If the ACCA residual clause is unconstitutionally vague, the logic goes, so too is the residual clause under the mandatory sentencing guidelines. The government objects to all this and more. It says that Anderson's claim is untimely and procedurally defaulted, that *Johnson* did not apply to the mandatory sentencing guidelines, and that in any event *Johnson* cannot apply to the guidelines retroactively.

In August of 1994, a jury convicted Anderson of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). Def.'s Suppl. Mot. Vacate 4, ECF No. 239. Because Anderson had already been convicted of three separate robbery offenses, Judge Bryant sentenced him as a "career offender" under the mandatory guidelines. *Id.* at 4–5. The career offender designation raised the sentencing guideline range, and Anderson was sentenced to 24 years for his armed bank robbery conviction. *Id.* at 6. He appealed, but the D.C. Circuit affirmed. *United States v.*

1

*Anderson*, 80 F.3d 558 (D.C. Cir. 1996). He filed three previous § 2255 motions, all of which were denied. Def.'s Suppl. Mot. Vacate 6–7, ECF No. 239. In June of 2016, he filed this fourth § 2255 motion. Emerg. Mot., ECF No. 235.

Anderson's theory—that *Johnson* established a new rule that retroactively applied to his sentencing under the mandatory guidelines—has been already been addressed by this Court. *USA v. Arrington*, No. 1:00-cv-159, ECF No. 192. In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), *Johnson*'s holding is too narrow to control the constitutionality of the mandatory sentencing guidelines' residual clause. For the reasons set forth in the *Arrington* memorandum, Anderson's motion to vacate under 28 U.S.C. § 2255 is untimely and thus **DENIED**.

It is **SO ORDERED**.

SIGNED this  24th  day of September, 2019.

_____/s/_____
Royce C. Lamberth
United States District Judge