# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ALEXIS OLGUIN HERNANDEZ,<br><br>Appellant. | No. 79943-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, J. — Alexis O. Hernandez appeals a condition of sentence after his conviction for unlawful possession of a firearm in the second degree. At sentencing, the court required him to register as a felony firearm offender pursuant to RCW 9.41.330(1), which gives a court discretion to impose the registration requirement based on an offender's criminal history. Hernandez claims the statute is void for vagueness because it lacks ascertainable standards for determining what criminal history justifies imposition of the requirement. Because the statute does not define criminal conduct or fix a sentence, it is not subject to a vagueness challenge. Accordingly, we affirm.

## FACTS

Alexis Hernandez entered a guilty plea to unlawful possession of a firearm in the second degree for an offense that occurred on April 3, 2018. Hernandez had five prior felony convictions, including a 2017 conviction for unlawful possession of a firearm in the second degree and a 2015 conviction for attempting

Citations and pin cites are based on the Westlaw online version of the cited material.

to elude a police officer. At sentencing, the State recommended the court order Hernandez to register as a felony firearm offender under RCW 9.41.330(1). Hernandez opposed the request. The court ordered Hernandez to comply with the registration requirement based on his criminal history, noting that this was his second conviction for unlawful possession of a firearm. Hernandez timely appealed.

## DISCUSSION

Hernandez claims that RCW 9.41.330, which gives courts discretion to require a person convicted of a felony firearm offense to comply with registration requirements, is unconstitutionally vague because it lacks sufficient standards to guide the court's discretion to impose it based on criminal history. The State contends that because the statute is a sentencing guideline, it is not subject to a vagueness challenge.

A vagueness analysis encompasses two due process concerns: (1) a criminal statute must be specific enough to give citizens fair notice of what conduct is proscribed, and (2) laws must provide ascertainable standards of guilt to protect against arbitrary arrest and prosecution. State v. Baldwin, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). Both prongs of the analysis focus on laws that prohibit or require conduct. Id. In Baldwin, the court held that sentencing guideline statutes that give courts discretion to impose an exceptional sentence were not subject to a vagueness challenge, concluding that the due process concerns underlying such a challenge "have no application in the context of sentencing guidelines." Baldwin, 150 Wn.2d at 459. The court recognized that "[f]undamental to both statutes being

2

challenged is the notion that a court is free to exercise discretion in fashioning a sentence," and "[t]he guidelines are intended only to structure discretionary decisions affecting sentences; they do not specify that a particular sentence must be imposed." Baldwin, 150 Wn.2d at 460-61. Thus, the court concluded: "[s]ince nothing in these guideline statutes requires a certain outcome, the statutes create no constitutionally protectable liberty interest." Id. at 461.

RCW 9.41.330 permits a trial court to order persons convicted of a felony firearm offense to comply with the registration requirements in RCW 9.41.333. The statute requires that a person subject to the registration requirement must provide certain basic information for their identification and location, as well as information about the registerable offense, to the local sheriff's office in the county where they reside. RCW 9.41.333. The statute further allows the sheriff to seek additional documentation and photograph or fingerprint the registrant, imposes time limits on registration upon release from custody or sentencing, establishes annual renewal of registration up to a maximum of four years, and sets out procedures for change of residence during the period of registration. Id. RCW 9.41.330 provides in relevant part:

> (1) On or after June 9, 2016, except as provided in subsection (3) of this section, whenever a defendant in this state is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense, the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.
> (2) In determining whether to require the person to register, the court shall consider all relevant factors including, but not limited to:
> (a) The person's criminal history;

3

    (b) Whether the person has previously been found not guilty by reason of insanity of any offense in this state or elsewhere; and

    (c) Evidence of the person's propensity for violence that would likely endanger persons.

Hernandez contends that the statute provides no standards to guide its discretion to impose the requirement based on criminal history. He argues that "[a] trial court may decide a particular criminal history may warrant registration or the trial court may not, all within its own arbitrary whims." Hernandez points out that the trial court here relied on the fact that he had a prior conviction for felony possession of a firearm in the second degree even though nothing in his criminal history suggested a propensity for violence.

We agree with the State that RCW 9.41.330 is a sentencing guideline and is not subject to a vagueness challenge. The statute does not specify that a particular sentence must be imposed or require a certain outcome. Rather, it provides a sentencing court discretion to impose the registration requirement when one is convicted of a felony firearm offense: it directs the court to consider whether to impose the registration requirement "whenever a defendant in this state is convicted of a felony firearm offense," and provides that the court "may, in its discretion, impose such a requirement." RCW 9.41.330 (1). Thus, under Baldwin, it is not subject to a vagueness challenge. 150 Wn.2d at 461.

We similarly rejected a vagueness challenge to RCW 9.41.330 in an unpublished decision in State v. Miller, noted at 195 Wn. App. 1026, 2016 WL 4087307 (August 1, 2016), and concluded:

    As with the sentencing guideline statutes at issue in Baldwin, the statute herein grants a court discretion in determining whether to

impose the registration requirement on felony firearm offenders. See RCW 9.41.330. Our Supreme Court has never indicated a need to revisit its holding in Baldwin. The Baldwin decision controls our analysis. The sentencing statute at issue is not subject to a facial void for vagueness challenge.

We adopt and apply that reasoning here.[1] See also State v. Brush, 5 Wn. App. 2d 40, 63, 425 P.3d 545 (2018) (holding that "Baldwin remains good law," and rejecting vagueness challenge to statutory aggravating factors).

Nonetheless Hernandez contends that Baldwin conflicts with United States Supreme Court precedent, citing Johnson v. United States, where the Court held that the vagueness doctrine applies "not only to statutes defining elements of crimes, but also to statutes fixing sentences." __U.S.__, 135 S. Ct. 2551, 2556-57, 192 L. Ed. 2d 569 (2015). In Johnson, the Court considered a vagueness challenge to a provision of the Armed Career Criminal Act (ACCA) that imposes an increased prison term when a defendant has three prior convictions for a "violent felony," a term defined by the statute's residual clause to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2555-56. The district court concluded that a conviction for unlawful possession of short-barreled shotgun qualified as a violent felony. The Court reversed, concluding:

> We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.

135 S. Ct. at 2557.

---

[1] Miller addressed the former version of RCW 9.41.330, which did not include the mandatory provision in sections (3) and (4) of the current statute. Hernandez's challenge is to RCW 9.41.330(1) and (2), which is virtually identical to the former version of the statute.

But in a later case, Beckles v. United States, __ U.S. __,137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), the Court rejected a vagueness challenge to a United States Sentencing Guideline containing a residual clause identical to the ACCA's residual clause at issue in Johnson. The Court reiterated that two kinds of laws are subject to vagueness challenges: ones that define criminal offenses and ones that fix the permissible sentences for criminal offenses. 137 S. Ct. at 892. The Court then distinguished the ACCA, which required sentencing courts to increase the term beyond the statutory maximum, from the Sentencing Guidelines, which "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. As the Court pointed out, "no party to this case suggests that a system of purely discretionary sentencing could be subject to a vagueness challenge," and "if a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be." 137 S. Ct. at 893-94. Thus, the Court concluded, "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." Id.

Likewise here, RCW 9.41.330 does not fix the permissible sentences for felony firearm offenses. Rather, it merely guides a sentencing court in exercising its discretion to impose the registration requirement upon conviction of a felony firearm offense. Accordingly, it is not subject to a vagueness challenge. See also State v. DeVore, 2 Wn. App. 2d 651, 664-65, 413 P.3d 58 (2018) (rejecting vagueness challenge to statutory aggravating factor, citing Beckles and distinguishing Johnson).

Citing Baldwin, Hernandez further contends that RCW 9.41.330(3) is subject to a vagueness challenge because it "proscribe[s] or prescribe[s] conduct" by requiring one to register and maintain registration for a four year period. See Baldwin, 150 Wn.2d at 458. Thus, he contends the statute is more like other sentencing conditions that are subject to vagueness challenges. But unlike vagueness challenges to sentencing conditions, Hernandez's attack is not focused on the registration requirement itself. Instead, he challenges the statute that gives the sentencing court discretion to impose this requirement. As discussed above, because this statute simply guides a sentencing court in deciding whether to impose this requirement, it is not subject to a vagueness challenge. We affirm.

WE CONCUR: