┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 15, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1404

| | |
|---|---|
| DEJUAN B. THORNTON-BEY, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 05532 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | Joan H. Lefkow, *Judge.* |

**O R D E R**

A jury found DeJuan Thornton-Bey guilty of federal drug and gun offenses in 2002, and the district court sentenced him to 387 months in prison. After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), we authorized Thornton-Bey to file a second motion under 28 U.S.C. § 2255 to challenge whether his criminal history qualified him as a career offender. The district court determined that Thornton-Bey's Illinois conviction for aggravated battery was still properly characterized as a crime of violence under the elements clause of the career-offender guideline and denied the motion. But the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court granted a certificate of appealability on the question of what documents could be considered when ascertaining the nature of a prior conviction. On appeal, Thornton-Bey presents no argument on that question; rather, he challenges only the court's jurisdiction over his original criminal prosecution. Because Thornton-Bey has waived any argument about the issue that the district court certified, and his other challenge falls outside the scope of both the certificate of appealability and his authorized successive § 2255 motion, we dismiss the appeal.

In 2002, a jury found Thornton-Bey guilty of one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), one count of possessing a controlled substance with intent to distribute it in a public housing facility, 21 U.S.C. §§ 841(a)(1), 860(a), and one count of using a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1). A probation officer prepared a presentence investigation report and determined that Thornton-Bey qualified as a career offender under U.S.S.G. § 4B1.1(a) (2001) because he had two prior felony convictions for crimes of violence or controlled substance offenses. In support, the officer listed two Illinois convictions: aggravated battery and unlawful possession and delivery of a controlled substance. Thornton-Bey did not object to the report.

The district court agreed that Thornton-Bey was a career offender. It did not specify whether the aggravated battery conviction was a "crime of violence" under the elements clause or the residual clause (since eliminated by the Sentencing Commission) of U.S.S.G. § 4B1.2. The court proceeded to sentence Thornton-Bey to concurrent sentences of 120 months and 327 months on the firearm and controlled substance counts, respectively, followed by a 60-month mandatory consecutive sentence for the § 924(c) offense. We dismissed Thornton-Bey's pro se appeal for want of prosecution. *United States v. Thornton*, No. 03-1407 (7th Cir. Oct. 29, 2003).

Thornton-Bey went on to collaterally attack his conviction under 28 U.S.C. § 2255 multiple times. The district court denied his first motion, *United States v. Thornton-Bey*, No. 08-cv-03999 (N.D. Ill. Jan. 26, 2009), *appeal dismissed*, No. 09-1701 (7th Cir. Sept. 4, 2009), and dismissed the others, *United States v. Thornton-Bey*, No. 1:12-cv-04535 (N.D. Ill. dismissed June 21, 2012), *appeal dismissed*, No. 13-3698 (7th Cir. Dec. 31, 2013); *United States v. Thornton-Bey*, No. 1:14-cv-02723 (N.D. Ill. dismissed Sept. 16, 2014), *appeal dismissed*, No. 14-3538 (7th Cir. June 9, 2015). Through 2015, neither the district court or this court ever authorized an appeal, nor did we permit successive motions.

In 2016 Thornton-Bey sought authorization to file a successive § 2255 motion after the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v.*

*United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague, and in *Welch* the Court held that the rule applied retroactively on collateral review. Because the career-offender guideline (at the time) contained a residual clause identical to the Armed Career Criminal Act's, *see* § 4B1.2(a)(2)(2001), we authorized the district court to consider Thornton-Bey's claim that his sentence violated *Johnson. Thornton-Bey v. United States*, No. 16-1974 (7th Cir. May 23, 2016). We later held that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague as applied to defendants like Thornton-Bey who were sentenced under the mandatory guidelines. *See Cross v. United States*, 892 F.3d 288, 291 (7th Cir. 2018) *but cf. Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017) (residual clause of career-offender guideline does not raise constitutional concerns for defendants sentenced under advisory guidelines).

Thornton-Bey, represented by counsel, then moved for relief under § 2255 in the district court. He asserted that the record before the sentencing court did not provide enough information to determine whether his conviction for aggravated battery was a "crime of violence" under the elements clause and, therefore, he could not be sentenced as a career offender. Thornton-Bey also filed two pro se motions asserting that there had been no jurisdiction for a federal prosecution to begin with because the Illinois authorities who turned him over had unconstitutionally detained him. (Thornton-Bey had put forth other jurisdictional arguments in his previous collateral attacks.)

The district court denied relief. It rejected the counseled motion because it determined that the applicable Illinois aggravated-battery statute constituted a "crime of violence" under § 4B1.2(a)(1) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Therefore, Thornton-Bey was a career offender without resort to the residual clause. The district court did not issue a certificate of appealability on this point because the result was clear. *See* 28 U.S.C. § 2253(c)(1)(B). But it did certify for appeal the question of whether, in answering that inquiry, it could rely on a record (here, a certified statement of conviction from the Circuit Court of Cook County) that was not before the sentencing court. The court also determined that Thornton-Bey's pro se motions were unauthorized successive collateral attacks that it lacked jurisdiction to entertain.

Thornton-Bey appealed, and his appointed counsel withdrew from representation, citing a breakdown of the attorney-client relationship. Continuing pro se, Thornton-Bey sought to expand the certificate of appealability to include his challenge to the district court's jurisdiction over his original criminal case based on his allegedly invalid transfer

from Illinois to federal authorities. We denied the motion to expand the certificate but recruited new counsel for Thornton-Bey. After the second attorney withdrew as well, however, Thornton-Bey briefed the appeal pro se.

As a preliminary matter, we address an issue that arose during briefing. After Thornton-Bey filed two reply briefs (both of which we accepted), he moved to strike the government's response brief because he never received a copy. Counsel for the government admitted that he neglected to mail a copy to Thornton-Bey until the motion alerted him. *See* FED. R. APP. P. 25(b); CIR. R. 25(b). We remind the government that the rules outlining service to pro se litigants must be diligently followed and we caution against an oversight like this in the future. Nevertheless, we deny Thornton-Bey's motion because he has not shown prejudice from the lack of service. He filed "reply" briefs without advising opposing counsel or this court of the problem and never requested an extension of time. Further, he does not point to anything in the government's brief that he was not able to address to his satisfaction.

In his briefs, Thornton-Bey does not raise any argument that relates to the question certified for appeal—the proper scope of the record—or even on the issue we authorized him to pursue in a successive motion—whether he could properly be classified as a career offender after *Johnson*. He has therefore waived any argument he could have made for overturning the district court's decision. *See United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020).

Instead, Thornton-Bey renews his argument that the district court lacked jurisdiction over his original proceedings. But we will not review issues outside of the scope of the certificate of appealability. *See Hartsfield v. Dorethy*, 949 F.3d 307, 317 (7th Cir. 2020); *see also Peterson v. Douma*, 751 F.3d 524, 529 (7th Cir. 2014) ("[W]e have repeatedly said that an appeals panel will decide the merits of only those issues included in the certificate of appealability."). Nor will we consider Thornton-Bey's argument as an implicit request to expand or amend the certificate of appealability, *see United States v. Thompson*, 732 F.3d 826, 831 (7th Cir. 2013), because we already denied his motion to expand the certificate to include this exact argument, *see Peterson*, 751 F.3d at 530. We caution Thornton-Bey that his jurisdictional challenges are frivolous, and if he continues to pursue them, he could incur sanctions. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

The motion to strike the response brief is DENIED and the appeal is DISMISSED.