**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6424**

JAMES GUNNELLS, a/k/a James Allen Gunnells,

             Petitioner - Appellant,

     v.

LARRY CARTLEDGE, Warden, Perry Correctional Institution,

             Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Mary G. Lewis, District Judge. (8:15-cv-01142-MGL)

Submitted:  September 30, 2016     Decided:  October 12, 2016

Before KING, DUNCAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant.  Donald John Zelenka, Senior Assistant Attorney General, James Anthony Mabry, Assistant Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Gunnells seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Gunnells contends that the district court erred in ruling that a victim's identification of Gunnells was admissible. Specifically, Gunnells argues that the district court should have explicitly weighed the factors in Neil v. Biggers, 409 U.S. 188 (1972), which applies to out-of-court identifications, in determining whether the victim's in-court identification of Gunnells was admissible, and that the district court's failure to conduct any substantive inquiry was erroneous.

We conclude, however, that the proper inquiry is not whether the district court should have explicitly evaluated the Biggers

2

factors, but instead whether Biggers applies at all. We have previously held that a state court's unreasonable refusal to extend Supreme Court precedent could constitute an "unreasonable application" of Supreme Court precedent under § 2254(d)(1). Green v. French, 143 F.3d 865, 870 (4th Cir. 1998). However, the Supreme Court has since abrogated Green by rejecting the principle that a state court could be unreasonable in refusing to extend Supreme Court precedent. White v. Woodall, 134 S. Ct. 1697, 1706 (2014).

As Gunnells noted in his response to the State's motion for summary judgment and in his objections to the magistrate judge's report and recommendation, the Supreme Court of South Carolina has "conclude[d], as the majority of courts have, that Neil v. Biggers does not apply to in-court identifications and that the remedy for any alleged suggestiveness of an in-court identification is cross-examination and argument." State v. Lewis, 609 S.E.2d 515, 518 (S.C. 2005). This refusal to extend Biggers to in-court identifications forecloses Gunnells' argument on federal habeas review that Biggers applies to his case.*

---

* Gunnells notes that we have in at least one instance extended Biggers to an in-court identification. See United States v. Murray, 65 F.3d 1161, 1169 & n.6 (4th Cir. 1995). However, Murray involved a direct appeal of a federal conviction. In the § 2254 context, a state court's decision must be analyzed with respect to Supreme Court precedent, not Fourth Circuit precedent. See White, 134 S. Ct. at 1702.

3

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED