**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6704**

───────────

JOHNNIE FRANKLIN WILLS,

        Petitioner – Appellant,

    v.

KAREN PSZCZOLKOWSKI, Superintendent, Northern Correctional Facility,

        Respondent – Appellee.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  John Preston Bailey, District Judge.  (5:22-cv-00005-JPB-JPM)

───────────

Argued:  March 8, 2023                          Decided:  January 13, 2025

───────────

Before AGEE and RUSHING, Circuit Judges, and Joseph DAWSON III, United States District Judge for the District of South Carolina, sitting by designation.

───────────

Affirmed by published opinion.  Judge Rushing wrote the opinion, in which Judge Agee and Judge Dawson joined.

───────────

**ARGUED:**  Jeremy Benjamin Cooper, BLACKWATER LAW, PLLC, Kingwood, West Virginia, for Appellant.  Lindsay Sara See, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.  **ON BRIEF:**  Patrick Morrisey, Attorney General, Michael R. Williams, Senior Deputy Solicitor General, Grant A. Newman, Spencer J. Davenport, Special Counsel, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

───────────

RUSHING, Circuit Judge:

Johnnie Franklin Wills, a state prisoner, filed a habeas petition challenging his life sentence under West Virginia's recidivist statute. He claims that West Virginia's judicially crafted test for determining whether a recidivist life sentence is proportional to the crime is unconstitutionally vague. The West Virginia courts denied Wills relief, reasoning that the void-for-vagueness doctrine does not extend to their proportionality test. Because that decision was reasonable, the district court denied Wills relief. We affirm.

## I.

In 2016, a West Virginia jury convicted Wills of grand larceny and conspiracy to commit grand larceny, which are both felonies. Because Wills had previously been convicted of eight other felonies, the court sentenced him to life imprisonment (with parole eligibility after fifteen years) under West Virginia's recidivist statute. *See* W. Va. Code § 61-11-18 (2000).

At that time, West Virginia's recidivist statute stated that a person who had been "twice before convicted" of a felony "shall be sentenced to be confined . . . for life" upon a third felony conviction.[1] *Id.* But despite the statute, not every third felony conviction results in a life sentence. The recidivist statute must operate within the bounds of the West Virginia Constitution, which requires that "[p]enalties shall be proportioned to the character and degree of the offense." W. Va. Const. art. III, § 5. Thus, a court applying the recidivist statute may nevertheless evaluate whether a "life sentence imposed for

---

[1] In 2020, the West Virginia legislature amended the recidivist statute, but the parties agree that amendment has no bearing on this case.

2

recidivism [would be] constitutionally disproportionate to the offenses upon which it is based." *State v. Beck*, 286 S.E.2d 234, 244 (W. Va. 1981). The Supreme Court of Appeals of West Virginia has devised the following proportionality test: "for purposes of a life recidivist conviction . . . , two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results." *State v. Hoyle*, 836 S.E.2d 817, 833 (W. Va. 2019). "If this threshold is not met, a life recidivist [sentence] is an unconstitutionally disproportionate punishment under" the state constitution. *Id.*

Wills appealed his life sentence to the Supreme Court of Appeals of West Virginia, arguing that his felonies were not violent. That court affirmed. *See State v. Wills*, No. 16-1199, 2017 WL 5632127, at *4 (W. Va. Nov. 22, 2017). The court explained that the recidivist statute imposes a life sentence on a defendant who commits three felonies, but in some cases that sentence may "run afoul" of the proportionality principle in the West Virginia constitution. *Id.* at *2. Will's sentence, however, did not violate the proportionality principle because he was convicted of multiple crimes that "by their very nature involve the threat of harm or violence." *Id.* at *3 (internal quotation marks and brackets omitted).

Wills then filed a petition for a writ of habeas corpus in state court. As relevant here, he challenged his recidivist life sentence, arguing that the state courts' proportionality test was unconstitutionally void for vagueness after the United States Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

3

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA) void for vagueness. 576 U.S. at 606. ACCA imposes an increased mandatory minimum sentence for a defendant previously convicted of three violent felonies, and its residual clause defined a "violent felony" as a crime punishable by more than one year's imprisonment that "'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 594 (emphases omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The Court reasoned that two features of the clause, in combination, rendered it unconstitutionally vague. First, it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," which left "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 597. Second, the clause required courts "to apply an imprecise 'serious potential risk' standard" to that "judge-imagined abstraction," resulting in "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 598. "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produce[d] more unpredictability and arbitrariness than the Due Process Clause [of the Fifth Amendment] tolerates." *Id.*

In *Dimaya*, the Court extended *Johnson*'s reasoning to hold the residual clause of the "crime of violence" definition in 18 U.S.C. § 16(b) void for vagueness. 138 S. Ct. at 1212, 1215. That clause defined a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at 1211

4

(internal quotation marks omitted). Because Section 16(b)'s residual clause had "the same two features as ACCA's, combined in the same constitutionally problematic way," it was also unconstitutionally vague.[2] *Id.* at 1213.

Wills's habeas petition argued that, if West Virginia courts apply a "categorical approach" to assess whether a crime is violent for purposes of their proportionality test, then "the recidivist law fails for the same reasons as those in *Johnson* and *Dimaya*." J.A. 257. The state court disagreed and denied him habeas relief. The Supreme Court of Appeals of West Virginia affirmed. *See Wills v. Pszczolkowski*, No. 20-472, 2021 WL 3030372, at *4 (W. Va. July 19, 2021). As the court explained, it has repeatedly held that the recidivist statute is "plain and unambiguous." *Id.* (internal quotation marks omitted); *see*, *e.g.*, *State ex rel. Appleby v. Recht*, 583 S.E.2d 800, 816 (W. Va. 2002) (per curiam). The court distinguished *Johnson* and *Dimaya*, observing that neither case "'involve[d] a recidivist statute'" and "'the principles of statutory construction contained in those cases are inapplicable to resolve the issue presented herein: whether, under the facts and circumstances of this case, the imposition of a life sentence under our recidivist statute is constitutionally disproportionate.'" *Wills*, 2021 WL 3030372, at *4 (quoting *State v. Plante*, No. 19-109, 2020 WL 6806375, at *5 (W. Va. Nov. 19, 2020)).

After the state court denied him relief, Wills filed a federal habeas petition under 28 U.S.C. § 2254. The district court also denied Wills relief. Applying the Antiterrorism and

---

[2] Later, the Supreme Court held unconstitutionally vague the residual clause of the "crime of violence" definition in 18 U.S.C. § 924(c)(3), which is "almost identical to the language" of Section 16(b). *United States v. Davis*, 139 S. Ct. 2319, 2329 (2019).

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, the district court concluded that the decision of the Supreme Court of Appeals of West Virginia was not contrary to or an unreasonable application of clearly established federal law. *Johnson* and *Dimaya* were distinguishable, the district court explained, because they involved "a statutorily-mandated aggravating factor," which is "patently different" from the challenged proportionality test, which "operates as a judicially-created limitation on a recidivist sentence." J.A. 381.

The district court granted Wills a certificate of appealability, and he appealed. We review the district court's denial of habeas relief de novo. *Allen v. Lee*, 366 F.3d 319, 323 (4th Cir. 2004) (en banc).

## II.

AEDPA governs our review. Because the state court adjudicated the merits of Wills's constitutional claim, AEDPA bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Lewis v. Wheeler*, 609 F.3d 291, 300–301 (4th Cir. 2010).

Wills invokes only the "unreasonable application" clause of Section 2254(d)(1). For purposes of Section 2254(d)(1), "clearly established Federal law" includes "only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted). A state court's ruling is an

6

"unreasonable application of" those holdings only if it "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Richter*, 562 U.S. at 103). In other words, if "fairminded jurists could disagree on the correctness of the state court's decision," then it was not an unreasonable application of federal law. *Richter*, 562 U.S. at 101 (internal quotation marks omitted). Showing that the state court's ruling was "wrong" or even "clear error" will "not suffice." *Woods*, 575 U.S. at 316 (internal quotation marks omitted). As the Supreme Court has explained, Section 2254(d)(1) "corrects only the most 'extreme malfunctions.'" *Currica v. Miller*, 70 F.4th 718, 724 (4th Cir. 2023) (quoting *Woods*, 575 U.S. at 316).

Wills identifies *Johnson*, *Dimaya*, and *Davis* as the relevant Supreme Court precedents for his vagueness claim. Those decisions applied the Fifth Amendment, but a State similarly violates the Due Process Clause of the Fourteenth Amendment "when it deprives someone of life, liberty, or property pursuant to a statute or regulation that is 'so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Lumumba v. Kiser*, 116 F.4th 269, 284 (4th Cir. 2024) (quoting *Johnson*, 576 U.S. at 595). The Supreme Court has applied this standard to invalidate, as void for vagueness, "two kinds of criminal laws": those that "define criminal offenses" and those that "fix the permissible sentences for criminal offenses." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (emphases omitted).

Wills contends that his sentence under West Virginia's recidivist statute violates this due process principle. But Wills does not challenge the statute itself as vague. Instead,

7

Wills challenges, as void for vagueness, the proportionality test used by West Virginia courts. He argues that by upholding that test, the Supreme Court of Appeals of West Virginia unreasonably applied federal law as clearly established in *Johnson*, *Dimaya*, and *Davis*.

We disagree. The United States Supreme Court has not applied the void-for-vagueness doctrine to a judicially crafted proportionality test, and whether its holdings apply to this context is not "so obvious" that "there could be no fairminded disagreement on the question." *White*, 572 U.S. at 427 (internal quotation marks omitted). The state court's ruling therefore was not an unreasonable application of clearly established federal law, and Section 2254(d)(1) offers Wills no relief.

First, in *Johnson*, *Dimaya*, and *Davis*, the Supreme Court evaluated and invalidated *statutes* for unconstitutional vagueness. The Court has not extended those holdings beyond the statutory context. *See*, *e.g.*, *Beckles*, 137 S. Ct. at 892 (refusing to extend *Johnson* to the Sentencing Guidelines).

Second, whether those holdings apply to judicially crafted tests is certainly not "beyond any possibility for fairminded disagreement." *Woods*, 575 U.S. at 316 (internal quotation marks omitted). Wills identifies no court that has evaluated a judicial standard for unconstitutional vagueness. To the contrary, courts have concluded that the void-for-vagueness doctrine does not apply to judicial decisions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1106 (6th Cir. 1995) ("No precedent supports the proposition that a party may attack a Supreme Court decision as void for vagueness."); *Weigel v. Maryland*, 950 F. Supp. 2d 811, 834 (D. Md. 2013) (explaining that no "controlling authority . . .

8

applies the void-for-vagueness doctrine to judicial decisions"). Wills relies on *Bouie v. City of Columbia*, 378 U.S. 347 (1964), but that opinion did not apply the void-for-vagueness doctrine to a judicial decision. In *Bouie*, the Supreme Court held that the Due Process Clause prohibited a state court from applying its "unforeseeable judicial enlargement of a criminal statute" retroactively. 378 U.S. at 353. But Wills does not bring a retroactivity challenge to the state court's proportionality test; he challenges it as void for vagueness. And as the Supreme Court has recently explained, "the void-for-vagueness and *ex post facto* inquiries are analytically distinct." *Beckles*, 137 S. Ct. at 895 (internal quotation marks omitted).

Fairminded jurists could agree with the Supreme Court of Appeals' conclusion that the *Johnson* line of cases does not apply to its proportionality test. As Wills acknowledges, the West Virginia recidivist statute unambiguously imposes a life sentence on a defendant with three felony convictions. *See State ex rel. Appleby*, 583 S.E.2d at 816. The proportionality test does not purport to interpret the unambiguous recidivist statute. *See id.*; *State v. Rich*, No. 21-638, 2022 WL 17444786, at *2 (W.V. Dec. 6, 2022). Rather, it is a standard by which West Virginia courts assess whether a sentence, authorized by the recidivist statute, violates the proportionality principle of the state constitution. In other words, the state court's evaluation of whether a defendant's felonies were actually or potentially violent or resulted in harm cannot increase but only *decrease* his statutory life sentence. As the district court observed, this judicially created proportionality limit on the recidivist sentences imposed by the legislature is "wholly dissimilar from" the statutes in

*Johnson*, *Dimaya*, and *Davis*, which imposed more severe punishment based on unconstitutionally vague statutory standards.  J.A. 381.

Recognizing the differences between this case and clearly established federal law, Wills argues that the Supreme Court of Appeals of West Virginia unreasonably applied federal law by "'refus[ing] to extend'" the holdings of *Johnson*, *Dimaya*, and *Davis* to this "'new context where it should apply.'"  Opening Br. 11 (quoting *Decastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011)).  Our Court used to entertain such arguments, but the Supreme Court unequivocally shut down that practice as inconsistent with AEDPA.  *See White*, 572 U.S. at 426; *Tyler v. Hooks*, 945 F.3d 159, 166 (4th Cir. 2019) (acknowledging that "the Supreme Court has rejected [this] notion"); *Gunnells v. Cartledge*, 669 Fed. App. 165, 166 (4th Cir. 2016) (recognizing that "the Supreme Court has since abrogated [our precedent] by rejecting the principle that a state court could be unreasonable in refusing to extend Supreme Court precedent").  As the Supreme Court explained, "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error."  *White*, 572 U.S. at 426.  After all, "if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision."  *Id.* (internal quotation marks omitted).  Wills's extension argument, therefore, is unavailing.

### III.

In short, Wills has not shown that the state court's ruling on his vagueness claim "was so lacking in justification that there was an error well understood and comprehended

10

in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Having failed to satisfy this "condition for obtaining habeas corpus from a federal court," Wills cannot receive relief. *Id.* The judgment of the district court is

*AFFIRMED*.